722 F.2d 1157
 19 ERC 2151, 14 Envtl. L. Rep. 20,616
 Roy E. DAVIS, Individually and Trading as Roy E. Davis
Seafood, Appellant,
v.
UNITED STATES of America and its Agency the United States
Air Force and The City of Hampton, a political
subdivision of the Commonwealth of
Virginia, Appellees,
and
Hampton Roads Sanitation District, Third-Party Defendant.
 No. 82-1423.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 11, 1983.
Decided Sept. 14, 1983.
 
 James E. Bradberry, Newport News, Va. (D. Wayne Moore, Moore, Moore & Bradberry, Newport News, Va., on brief), for appellant.
 Janet L. Steckel, Dept. of Justice, Washington, D.C. (Carol E. Dinkins, Asst. Atty. Gen., Washington, D.C., Elsie Munsell, U.S. Atty., John F. Kane, Asst. U.S. Atty., Alexandria, Va., Dirk D. Snel, Dept. of Justice, Washington, D.C., on brief), for appellees.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and FIELD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal by Roy E. Davis from a final judgment of the district court dismissing his complaint under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), and 2671 et seq., seeking damages against the United States resulting from the alleged violation by Langley Air Force Base of the Federal Water Pollution Control Act, 33 U.S.C. 1251 et seq. The relevant facts are summarized as follows.
 
 
 2
 The plaintiff operated a seafood business in Back River, a tributary of the Chesapeake Bay. Incident to this business, the plaintiff purchased polluted clams and transplanted them in the Back River where the clams were cleansed. The area of the river bottom used by the plaintiff was leased from the Commonwealth of Virginia. Prior to the commencement of this action the Virginia State Health Department closed Back River to the harvesting of shellfish due to the discharge of untreated sewage into the river. In his complaint filed against the United States and the City of Hampton, Virginia, the plaintiff asserted that it was their discharge of sewage which caused the closing of the river.
 
 
 3
 Prior to the institution of this action, Davis had filed a complaint against the Air Force and the Environmental Protection Agency under the citizen suit provision of the FWPCA, 33 U.S.C. Sec. 1365, alleging violations of the Act and seeking enforcement of the statute. In the course of this litigation the EPA determined that the Air Force had made substantial and good faith efforts to comply with the requirements of the FWPCA, and ultimately a consent decree was entered dismissing the enforcement action. In the decree Davis stated that he found the actions of the EPA to be "adequate and reasonable based on current circumstances", and the action was dismissed by an order which, among other things, approved the payment of attorney fees and costs to Davis' counsel in that litigation.
 
 
 4
 Prior to the dismissal of the enforcement action, Davis had filed his complaint in the present case on October 27, 1980. Thereafter, both the United States and the City of Hampton filed motions to dismiss which motions were granted by the district court. The basis for the dismissal of the action against the United States was the failure of the plaintiff to state a claim upon which relief could be granted, and since the federal causes of action were eliminated, the district court also dismissed without prejudice Davis' pendant claims against the City of Hampton.
 
 
 5
 In dismissing the action against the United States, the district court relied upon Middlesex County Sewerage Authority v. National Sea Clammers Assoc., 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), in which the court held that the FWPCA conferred no private cause of action independent of the citizens suit provisions of the Act. The plaintiff, however, contended in the district court, as he does here, that Middlesex does not apply to actions brought under the Tort Claims Act. The district judge rejected this theory, stating that, in effect, the plaintiff was seeking to enforce the FWPCA through a private cause of action. We agree with the district judge that the Tort Claims Act cannot be used to circumvent the legislative scheme of the FWPCA as recognized and interpreted by the court in Middlesex. The complaint in this action posits the right of recovery solely on the FWPCA and contains no allegations of negligence or wrongful conduct on the part of the United States other than the alleged violations of the Act. Absent such allegations, the district court correctly held that the plaintiff had failed to state a claim upon which relief could be granted. We are further of the opinion that consequent dismissal of the pendant claims against the City of Hampton was appropriate.
 
 
 6
 Accordingly, the judgment of dismissal is affirmed.
 
 
 7
 AFFIRMED.